**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TOWNSHIP OF MARPLE,  :  | |
|    Plaintiff.  : | |
| : | CIVIL ACTION |
|          v.  : | |
| : | NO. 08-4774 |
| GOODHILL ASSOCIATES, et al.,  : | |
|    Defendants.  : | |

**ORDER**

      **AND NOW**, this __21st__ day of November, 2008, it is **ORDERED** that this case is **REMANDED** to the Court of Common Pleas of Delaware County.[1]

                                  s/Anita B. Brody
                              _____
                              ANITA B. BRODY, J.

Copies **VIA ECF** on _____ to:               Copies **MAILED** on _____ to:

---

[1] Regarding a case that has been removed, 28 U.S.C. § 1447(c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Here, this Court lacks subject matter jurisdiction because no diversity exists and the complaint raises no federal question. Plaintiff argues that this Court may exercise federal-question jurisdiction under 28 U.S.C. § 1331 because Defendants' counterclaim under 42 U.S.C. § 1983 raises a federal question. The Supreme Court has clearly held, however, that a federal counterclaim does not create federal-question jurisdiction under § 1331. Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 832 (2002).